{¶ 24} I concur with the majority but write separately to clarify the law explaining how an appellate court reviews a challenge to the manifest weight of the evidence. The majority cites the 1967 case ofState v. DeHass, infra. In 1997, however, the Supreme Court of Ohio provided a different perspective on the role of the appellate court in challenges to manifest weight: "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `"`thirteenth juror'"' and disagrees with the factfinder's resolution of the conflicting testimony." State v. Thompkins (1997), 78 Ohio St.3d 380,387, citing Tibbs v. Florida (1982) 457 U.S. 31 at 42.
 {¶ 25} The Ohio Supreme Court then quotes a fuller explanation found in State v. Martin (1983), 20 Ohio App.3d 172, 175: "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."
 {¶ 26} The Ohio Supreme Court used this same statement when it explained the standard it was using in the 2001 case of State v. Issa,93 Ohio St.3d 49. I believe this fuller and more recent statement provides the better explanation of the role of a reviewing court on the manifest weight of the evidence.